No. 636
MULCAHY v. BD. OF EDUCATION et al
Ohio Appeals, 9th Dist., Summit Co.
No. 1023. Decided Feb. 26, 1925

1065. SCHOOLS—1. Certification that money required for the construction of school building, under 5660 GC., necessary or contract awarded therefor is void.

2. Where contract for, is not in accord with advertisement and plans and specific upon which bid was received, it cannot be upheld.

WASHBURN, J.

The Board of Education received bids, July 22, 1924, for the construction of a school building to be completed by Sept. 1, 1925. On Aug. 26, 1924 the board made an award to Clemmer-Johnson Co. but no contract was entered into as it was prevented by institution of a suit in the Summit Common Pleas, by Cornelius Mulcahy, a taxpayer.

Without readvertising, the Board awarded a contract to the C. W. & P. Construction Co. for the construction of a major portion of the building, and within a few days thereafter, entered into a contract with such company, which provided that the building should be completed July 1, 1926. Mulcahy prayed for an injunction restraining the performance of the contract with the Construction Co. and judgment was rendered in his favor, in the Common Pleas. The Board took the appealed case and the Court of Appeals held:

1. In our judgment the contract with the Construction Co. cannot be upheld for the reason that the clerk of said board did not, before entering into said contract, "first certify that the money required for payment of" such contract was "in the treasury to the credit of the fund from which it was to be drawn and not appropriated for any other purpose," as is provided in 5660 GC.

2. Sec. 5661 GC. provides that "all contracts, agreements - - - etc., passed or entered into contrary to the foregoing shall be void."

3. Contract could not be upheld for further reason that it is not a contract in pursuance of and in accordance with the advertisement and plans and specifications upon which the bids were received. For no bids were received for completion by July 1, 1926; and there was no competitive bidding for the contract which was awarded. Injunction allowed as prayed for.

Attorneys—Commins, Brouse, Englebeck & McDowell for Mulcahy; H. M. Hagelbarger Smoyer, Clinedinst & Smoyer and Mather, Nesbitt & Willkie for Board; all of Akron.